## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SILVERIO SOTO, JR.,

        Plaintiff,

v.                                  Case No:  6:13-cv-181-Orl-40KRS

GEICO INDEMNITY COMPANY,

        Defendant.

_____

## ORDER

This cause comes before the Court on Defendant GEICO's Motion for Summary Judgment (Doc. 51).  Plaintiff filed a Memorandum in Opposition to Motion for Summary Judgment (Doc. 58) and GEICO replied (Doc. 62).  Upon due consideration and review of the record, including all pleadings, deposition transcripts, affidavits, exhibits, and memoranda of respective counsel, the Court denies Defendant GEICO's Motion for Summary Judgment.

## I.     FACTUAL BACKGROUND

This case comes to the Court as a Florida common law third-party bad faith insurance claim arising out of an automobile collision occurring on April 4, 2007. (Doc. 2).  On that date, a vehicle driven by Ana Martinez ("Martinez") collided with a vehicle in which Plaintiff ("Soto") was an occupant.  (Doc. 57, p. 1).  At the time of the collision, Martinez carried automobile insurance through Defendant ("GEICO") under the policy number 4055-74-55-76.  (*Id.*).  The insurance policy provided bodily injury coverage in the amount of $10,000.00 per person and $20,000.00 per occurrence. (*Id.*).

On June 11, 2007, GEICO received a demand letter from Soto dated June 4, 2007 demanding that GEICO tender policy limits in the amount of $10,000.00 pursuant to Martinez's insurance policy.  (Doc. 57, p. 3).  Soto's demand letter requests GEICO to tender payment on or before June 22, 2007.  (*Id.*).  On June 14, 2014, GEICO responded to Soto's demand letter by requesting additional information regarding Soto's injuries and lost wages.  (Doc. 57, p. 4).  At this time, GEICO also offered to settle Soto's claim for $2,000.00.  (Doc. 51-15).

On June 15, 2007, GEICO sent a letter to Martinez informing her of Soto's demand and advising Martinez of her liability under the insurance policy and the possibility of an excess judgment against her.  (Doc. 57, p. 4).  On June 18, 2007, Soto responded to GEICO's June 14, 2014 letter requesting additional information.  (*Id.*). On June 25, 2007, July 10, 2007, and July 30, 2007, GEICO again contacted Soto requesting additional information and offering to settle Soto's claim for $2,000.00. (Doc. 57, p. 5).

On September 19, 2007, Soto initiated a lawsuit in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, bearing case number 2007 12054 CIDL for injuries and damages suffered in the April 4, 2007 accident.  (*Id.*).  On July 25, 2008, GEICO offered to settle Soto's claim for $10,000.00.  (Doc. 59-22).  Soto rejected GEICO's July 25, 2008 settlement offer and, on April 11, 2011, judgment was entered in favor of Soto and against Martinez in the amount of $105,825.  (Doc. 57, p. 7).

## II.      STANDARD FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment.  Fed. R. Civ. P. 56(c)(1)(A).  However, "[t]he court need not consider only the cited materials" and may consider any other material in the record. Fed. R. Civ. P. 56(c)(3).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law.  *Id.*  The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine disputes of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  If the moving party shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the nonmoving party to demonstrate that there are, in fact, genuine disputes as to material facts.  *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).  In determining whether a genuine dispute as to a material fact exists, the Court must read the record and the evidence presented in the light most favorable to the nonmoving party.  *See Porter*, 461 F.3d at 1320.

## III.    DISCUSSION

It is well-settled that Florida law charges insurers with a duty of good faith in handling claims brought against its insureds.  *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980).   An insurer's duty of good faith includes: (1) investigating the facts of claims against its insureds, (2) fairly considering settlement offers that are not unreasonable under the facts, (3) advising its insureds of settlement opportunities, (4) settling where a reasonably prudent person faced with the prospect of paying the total recovery would do so, (5) advising its insureds of probable outcomes of litigation, (6) warning its insureds of the possibility of an excess judgment, and (7) advising its insured of any steps available to avoid an excess judgment.  *Id.*

An insurer's duty of good faith is not limited solely to its insureds; an injured third party may also bring an action directly against an insurer who acts in bad faith where the insurer's bad faith directly causes an excess judgment against the insured.  *Farinas v. Fla. Farm Bureau Gen. Ins. Co.*, 850 So. 2d 555, 558 (Fla. 4th DCA 2003) (citing *Thompson v. Commercial Union Ins. Co.*, 250 So. 2d 259, 262 (Fla. 1971)); *see also Perera v. U.S. Fid. & Guar. Co.*, 35 So. 3d 893, 899 (Fla. 2010) (applying third-party bad faith insurance claim rules to indemnity contracts).   "[I]f an insurer [is] found to have acted in bad faith, the insurer . . . ha[s] to pay the entire judgment entered against the insured in favor of the injured third party, including any amount in excess of the insured's policy limits."  *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 58 (Fla.1995).

"The essence of an insurance bad faith claim is that the insurer acted in its own best interests, failed to properly and promptly defend the claim, and thereby exposed

the insurer to an excess judgment." *Coulter v. State Farm Mut. Auto. Ins. Co.*, No. 4:12-cv-577, 2014 WL 197693 at *5 (N.D. Fla. 2014) (citing *Goheagan v. Am. Vehicle Ins. Co.*, 107 So. 3d 433, 441 (Fla. 4th DCA 2012)) (internal quotation marks omitted). However, it is not necessary that an insurer handle claims against its insureds perfectly. *Novoa v. GEICO Indem. Co.*, 542 F. App'x 794, 796 (11th Cir. 2013). "[W]hether an insurer has acted in bad faith . . . is determined under the 'totality of the circumstances,'" meaning that "[e]ach case is determined on its own facts." *Berges*, 896 So. 2d at 680 (quoting *Boston Old Colony*, 386 So. 2d at 785).

Although the determination of whether an insurer has acted in bad faith under the circumstances is generally a question for the trier of fact, *id.*, summary judgment in favor of the insurer is appropriate where no reasonable jury could find that the insurer acted in bad faith. For example, in *Coulter*, the court awarded summary judgment to State Farm where "there [was] a complete absence of evidence that State Farm acted solely on the basis of its own interests." *Coulter*, 2014 WL 197693 at *6. The court found that State Farm quickly investigated the accident, attempted to settle for the full policy limits of the insurance claim within six days of the accident, and in fact tendered a check to the plaintiff for the full policy limits within eleven days of the accident. *Id.* For these reasons, the court determined that no reasonable jury could find that State Farm acted in bad faith. *Id.*

In *Novoa v. GEICO*, the Eleventh Circuit Court of Appeals affirmed summary judgment in favor of the insurer where Novoa failed to show any evidence that the insurer acted in bad faith, but instead merely argued that the insurer "could have handled [the] claim better." *Novoa*, 542 F. App'x at 796. Like the circumstances in

*Coulter*, the Eleventh Circuit found that no reasonable jury could find that the insurer acted in bad faith where the insurer attempted to settle the claim for the full policy limits within nine days of the accident.  *Id.*; *see also, e.g.*, *Johnson v. GEICO Gen. Ins. Co.*, 318 F. App'x 847, 850–81 (11th Cir. 2009) (affirming summary judgment in favor of insurer where insurer offered policy limits within thirty-three days of accident)*; Clauss v. Fortune Ins. Co.*, 523 So. 2d 1177, 1179 (Fla. 5th DCA 1988) (affirming summary judgment in favor of insurer where insurer tendered policy limits within one month of the plaintiff's demand).

Here, GEICO contends that the evidence in the record demonstrates that no reasonable jury could find that GEICO acted in bad faith.  GEICO specifically points to its quick and diligent investigation of Soto's claim and that it attempted to settle with Soto as soon as it had concluded its investigation.  (Doc. 51, pp. 14–16).  GEICO asserts that, although GEICO never disputed liability of the claim, GEICO did dispute the amount of damages Soto alleged.  (Doc. 57, pp. 2–4).  In support, GEICO has produced a notes log recording its investigation of Soto's claim (Doc. 51-2) and correspondence with Soto in furtherance of its investigation (Doc. 51-7, pp. 1–8; Doc. 51-10; Doc. 51-15; Doc. 51-17; Doc. 51-18; Doc. 51-22).  GEICO contends that it was Soto who delayed settlement negotiations by failing to provide certain requested information—namely, information regarding Soto's medical treatment and lost wages—thus hindering GEICO's ability to settle Soto's claim.  (Doc. 51, pp. 14–15, 22).

Soto responds that GEICO did, in fact, have all information and documentation available to determine that GEICO should have tendered policy limits instead of

GEICO's initial and repeated $2,000.00 offers.  (Doc. 58, p. 8).  Soto contends that, given the extent of Soto's injuries and other damages and because GEICO never disputed liability, GEICO acted in bad faith by failing to immediately tender policy limits. (Doc. 58, pp. 14–15).  In support, Soto emphasizes that the correspondence with GEICO illuminates that GEICO was already in possession of all medical records and wage information that Soto possessed.  (Doc. 59-9).  Further, Soto has produced a report from Susan Kaufman (Soto's alleged insurance claims expert) stating, *inter alia*, that GEICO failed to follow "generally accepted claim processes" and that GEICO's failure to offer policy limits until after Soto initiated litigation against GEICO (more than one year after the accident) constitutes bad faith.  (Doc. 59-25, pp. 7, 9; Doc. 59-22).

The case at bar is far from the circumstances in *Coulter*, *Novoa*, *Johnson*, and *Clauss*.  In those cases, the insurers offered or tendered payment of policy limits within six days, nine days, thirty-three days, and one month, respectively.  Given the totality of the circumstances in those cases, it was not possible for a reasonable jury to conclude that those insurers acted in bad faith in attempting to settle those respective claims.

Here, given the totality of the circumstances, it is possible for a reasonable jury to conclude that GEICO acted in bad faith.  There is not "an absence of evidence to support [Soto's] case."  *Celotex*, 477 U.S. at 325; *see also Porter*, 461 F.3d at 1320. A jury could reasonably determine that GEICO failed to fairly consider Soto's settlement offer and failed to settle where a reasonably prudent person would do so. By refusing to settle for policy limits until after Soto initiated litigation over one year from the date of the accident, a reasonable jury could find a factual basis that GEICO

acted in bad faith.  *Boston Old Colony*, 386 So. 2d at 785.  A reasonable jury could further conclude that GEICO's actions resulting in its failure to settle caused the excess judgment against Martinez.  *See Farinas*, 850 So. 2d at 558.  Therefore, Soto has demonstrated a genuine dispute as to a material fact and summary judgment is not appropriate.  *Celotex*, 477 U.S. at 325; *see also Porter*, 461 F.3d at 1320.

## IV.     CONCLUSION

For the aforementioned reasons, the Court finds that there are genuine disputes as to material facts in this case which preclude summary judgment in favor of GEICO. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Doc. 51) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on July 16, 2014.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record