**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SILVERIO SOTO, JR.,

    Plaintiff,

v.                                                       Case No: 6:13-cv-181-Orl-40KRS

GEICO INDEMNITY COMPANY,

    Defendant.

_____

**OMNIBUS ORDER ON MOTIONS IN LIMINE**

This cause comes before the Court on the following:

1. Plaintiff's First Motion in Limine (Doc. 68), filed June 26, 2014;

2. Plaintiff's Second Motion in Limine (Doc. 69), filed June 26, 2014;

3. Plaintiff's Third Motion in Limine (Doc. 70), filed June 26, 2014;

4. Plaintiff's Fourth Motion in Limine (Doc. 71), filed June 26, 2014;

5. Defendant's First Motion in Limine (Doc. 72), filed June 27, 2014; and

6. Defendant's Second Motion in Limine (Doc. 73), filed June 27, 2014.

Upon due consideration of the parties' respective motions in limine, the Court finds and decides as follows.

**I.    FACTUAL BACKGROUND**

This case comes to the Court as a Florida common law third-party bad faith insurance claim arising out of an automobile collision occurring on April 4, 2007. (Doc. 66, ¶ 3). On that date, a vehicle driven by Ana Martinez ("Martinez") collided with a vehicle in which Plaintiff ("Soto") was an occupant. (*Id.* ¶ 9). At the time of the collision, Martinez carried automobile insurance through Defendant ("GEICO"). (*Id.*). The insurance policy

1

provided bodily injury coverage in the amount of $10,000.00 per person. (*Id.*). After unsuccessful settlement negotiations, Soto initiated a lawsuit in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida for injuries and damages incurred in the April 4, 2007 accident. (*Id.*). On April 11, 2011, judgment was entered in favor of Soto and against Martinez in the amount of $105,825.00. (*Id.*).

Soto now sues GEICO, alleging that GEICO acted in bad faith in handling Soto's claim against Martinez. The parties agree that the only issue to be decided is whether GEICO acted in bad faith in handling Soto's insurance claim against Martinez. (*Id.* ¶ 11). Final Pretrial Conference in this matter is scheduled for July 22, 2014 and trial is scheduled for the Court's August 4, 2014 trial calendar. On July 26 and July 27, 2014, Soto and GEICO filed the above-referenced motions in limine, respectively. Neither party has responded or objected to the other party's motions. Therefore, the parties' motions in limine are ripe for consideration.

## II.     STANDARD FOR RULING IN LIMINE

A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id.*

A trial court's authority to rule in limine derives from its inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41–42 (1984). Nevertheless, a trial court should only exclude evidence in limine where the evidence is clearly inadmissible for any

purpose. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing *Luce*, 469 U.S. at 41 n.4). Even when a trial court does rule in limine, a motion in limine "remains subject to reconsideration by the court throughout the trial" and the parties may renew their objections as may be appropriate. *Stewart*, 2007 WL 1752843, at *1.

### III.  DISCUSSION

#### A.  Soto's First Motion in Limine

Soto's First Motion in Limine requests the Court to prohibit GEICO from "presenting evidence, testimony, or argument relitigating previously adjudicated issues, including negligence and liability of [Martinez] and [Soto's] damages causally related thereto." (Doc. 68, p. 1). Soto relies on the doctrine of collateral estoppel, arguing that the issues of liability, comparative negligence, causation, and permanent injury were fully litigated before the state court and, therefore, cannot be relitigated before this Court. (Doc. 68, p. 4).

The Court needs not reach the doctrine of collateral estoppel to prevent the relitigating of issues already decided. GEICO admits that "neither party is seeking to relitigate [Soto's] damages for his personal injury action." (Doc. 73, p. 4). Moreover, the parties agree in their Joint Pretrial Statement that the only issue to be decided is whether GEICO acted in bad faith in handling Soto's insurance claim against Martinez. (Doc. 66, ¶ 11). In fact, GEICO has not responded or objected to Soto's First Motion in Limine. Accordingly, the Court grants Soto's First Motion in Limine and prohibits GEICO from presenting evidence, testimony, or argument regarding liability or damages arising from the April 4, 2007 accident.

**B.     Soto's Second Motion in Limine**

Soto's Second Motion in Limine requests the Court to prohibit GEICO from "presenting evidence, testimony, or argument regarding [Martinez's] January 2, 2008 Motion to Compel Discovery, a January 4, 2008 Order Compelling Discovery, or a January 16, 2008 Motion for Sanctions and for Dismissal," which were filed in the underlying state court action.  (Doc. 69, p. 1).

Only relevant evidence is admissible at trial; irrelevant evidence is inadmissible. Fed. R. Evid. 402.  Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Notwithstanding the fact that evidence is relevant, evidence may be inadmissible if its probative value is substantially outweighed by the likelihood of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

In the parties' Joint Pretrial Statement, GEICO discloses that it intends to introduce into evidence a January 2, 2008 Motion to Compel Discovery, a January 4, 2008 Order Compelling Discovery, and a January 16, 2008 Motion for Sanctions (Doc. 66-2, p. 2). Soto contends that these exhibits are wholly irrelevant to the issue of whether GEICO acted in bad faith in handling Soto's insurance claim against Martinez.  (*Id.*, p. 3).  GEICO has not responded or objected to Soto's request to exclude these exhibits.

The Court agrees that the January 2, 2008 Motion to Compel Discovery, January 4, 2008 Order Compelling Discovery, and January 16, 2008 Motion for Sanctions and for Dismissal have no relevance to the issue of whether GEICO acted in bad faith in handling Soto's insurance claim against Martinez.  The fact that GEICO may have believed it

needed to pursue certain discovery in the underlying state court case does not make the filing motions or the entry of orders relevant to any issue in dispute.  *See* Fed. R. Evid. 401.  As such, the Court grants Soto's Second Motion in Limine.  GEICO is prohibited from introducing evidence, testimony, or argument regarding the January 2, 2008 Motion to Compel Discovery, January 4, 2008 Order Compelling Discovery, and January 16, 2008 Motion for Sanctions and for Dismissal.

### C. Soto's Third Motion in Limine

Soto's Third Motion in Limine requests the Court to prohibit the entry or discussion of a compulsory medical examination report ("CME report") prepared by Dr. Scott Silas. (Doc. 70, p. 1).  Soto argues that "the CME report was prepared under circumstances suggesting 'the sources of information or other circumstance show lack of trustworthiness'" for the CME report to be admitted as a business record (Doc. 70, p. 2) (citation omitted).

Generally, hearsay is inadmissible.  Fed. R. Evid. 802.  However, hearsay statements may nevertheless be admitted if they fall under a recognized exception to the rule against hearsay.  *See* Fed. R. Evid. 803.  A record of a regularly conducted activity may be admissible as an exception to the rule against hearsay if "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness."  Fed. R. Evid. 803(6)(e).[1]

---

1. The Court notes that other requirements are necessary in order to establish the admissibility of a record of a regularly conducted activity.  *See* Fed. R. Evid. 803(6)(a)–(d).  However, Soto only disputes the trustworthiness of the CME report in his Third Motion in Limine.

Here, Soto fails to demonstrate how the CME report lacks trustworthiness. Further, Soto has failed to attach a copy of the CME report to its motion in limine in order for the Court to review the record's alleged lack of trustworthiness. Therefore, the Court cannot determine that the CME report is clearly inadmissible for any purpose. *Hawthorne Partners*, 831 F. Supp. at 1400.

However, the Court finds other grounds on which to limit the admissibility of the CME report. Generally, CME reports like the one GEICO may attempt to introduce in this case are used to contest issues of liability or damages. As discussed further in Section III.A, *supra*, it would be outside the scope of this case to relitigate issues of liability or the extent of damages incurred by Soto as a result of the April 4, 2007 accident. As the parties agree in their Joint Pretrial Statement, the only issue to be decided is whether GEICO acted in bad faith in handling Soto's insurance claim against Martinez. (Doc. 66, ¶ 11). Therefore, to the extent GEICO would attempt to introduce the CME report to relitigate issues already decided in the underlying state court case, the Court grants Soto's Third Motion in Limine.

The Court recognizes that there may be relevant and admissible purposes for introducing or discussing the CME report that are within the scope of whether GEICO acted in bad faith in handling Soto's insurance claim against Martinez. As such, the Court does not entirely prohibit introduction or discussion of the CME report at trial. The Court grants in part and denies in part Soto's Third Motion in Limine and prohibits GEICO from introducing or discussing the CME report to contest issues of liability or damages already decided by the state court.

### D.    Soto's Fourth Motion in Limine

Soto's Fourth Motion in Limine requests the Court to prohibit GEICO from "presenting evidence, testimony, or argument regarding personal opinions about other claimants or their attorneys who are not truthful, who exaggerate, who are confused about the facts, or who provide incorrect information, or whose MRI reports are unreliable." (Doc. 71, p. 1).  Soto contends that this evidence is irrelevant and would unfairly prejudice Soto at trial.  (*Id.*, p. 4).

The Court finds that any evidence, testimony, or argument relating to personal opinions about other claimants or their attorneys or about events occurring in outside litigation are irrelevant to the instant lawsuit and have no "tendency to make a fact more or less probable" in this case.  Fed. R. Evid. 401.  Accordingly, the Court grants Soto's Fourth Motion in Limine.

### E.    GEICO's First Motion in Limine

GEICO's First Motion in Limine requests the Court to limit the testimony of Soto's expert witness, Susan Kaufman.  (Doc. 72, p. 1).  GEICO alleges that Soto has failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26 regarding expert witnesses and this Court's Case Management and Scheduling Order.  (*Id.*, p. 2). Therefore, GEICO argues that Ms. Kaufman's testimony should be limited to the opinions expressed in her report and to the documents in her possession at the time of her deposition. (Doc. 72, p. 4).

However, GEICO has failed to identify the documents to which it believes Ms. Kaufman will improperly testify, leaving the Court unable to determine that the evidence

is clearly inadmissible for any purpose. *Hawthorne Partners*, 831 F. Supp. at 1400. Accordingly, the Court denies GEICO's First Motion in Limine without prejudice.

### F.   GEICO's Second Motion in Limine

GEICO's Second Motion in Limine is two-fold. First, GEICO requests the Court to prohibit Soto from "mentioning or arguing entitlement to any taxable costs relating to the underlying action." (Doc. 73, p.1). Second, GEICO requests the Court to "disallow[] recovery of such [taxable] costs." (*Id.*). GEICO argues that, although Soto may be entitled to taxable costs, the state court retains jurisdiction to determine and award such costs. (Doc. 73, p. 2).

To the extent GEICO's Second Motion in Limine requests the Court to prohibit recovery of certain costs, the Court treats the motion as a motion for partial summary judgment on the issue of damages. The deadline for filing dispositive motions in this case was January 6, 2014. (Doc. 37, p. 1). As such, GEICO's Second Motion in Limine is untimely. The Court therefore denies GEICO's Second Motion in Limine to the extent GEICO requests the Court to disallow recovery of taxable costs. To the extent GEICO's Second Motion in Limine requests the Court to prohibit Soto from presenting evidence, testimony, or argument on the issue of taxable costs, the Court defers ruling until the time of trial so that both parties may proffer argument to the Court.

### IV.   CONCLUSION

For the aforementioned reasons, it is therefore **ORDERED AND ADJUDGED**:

1. Soto's First Motion in Limine (Doc. 68) is **GRANTED**.

2. Soto's Second Motion in Limine (Doc. 69) is **GRANTED**.

3. Soto's Third Motion in Limine (Doc. 70) is **GRANTED IN PART** and **DENIED IN PART** without prejudice.  GEICO may not introduce or discuss the CME report for the purpose of contesting issues of liability or damages already decided by the state court.  GEICO may introduce or discuss the CME report for other relevant and admissible purposes.

4. Soto's Fourth Motion in Limine (Doc. 71) is **GRANTED**.

5. GEICO's First Motion in Limine (Doc. 72) is **DENIED** without prejudice.

6. GEICO's Second Motion in Limine (Doc. 73) is **DENIED** to the extent GEICO requests the Court to prohibit Soto from recovering taxable costs incurred in the underlying state court case.  The Court defers ruling on GEICO's Second Motion in Limine to the extent GEICO requests the Court to prohibit Soto from presenting evidence, testimony, or argument on the issue of taxable costs.

**DONE AND ORDERED** in Orlando, Florida on July 21, 2014.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record