**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SILVERIO SOTO, JR.,

    Plaintiff,

v.                                                                                        Case No:  6:13-cv-181-Orl-40KRS

GEICO INDEMNITY COMPANY,

    Defendant.

## ORDER ON DEFENDANT'S THIRD MOTION IN LIMINE

This cause comes before the Court on Defendant GEICO Indemnity Company's Third Motion in Limine (Doc. 83).  Defendant ("GEICO") requests that the Plaintiff ("Soto") be prohibited from presenting to the jury deposition testimony of Dr. Christopher Lechmaier, Dr. Ronald Landau, Dr. Albert Janerich, Soto, and Hilda Soto. (Doc. 83, p. 2). For reasons set forth more fully below, the Court grants in part and denies in part GEICO's Third Motion in Limine.

**I.      BACKGROUND**

This case comes to the Court as a Florida common law third-party bad faith insurance claim arising out of an automobile collision occurring on April 4, 2007. (Doc. 66, ¶ 3).  The insurance policy of the at-fault driver provided coverage in the amount of $10,000.00 per person.  (*Id.* ¶ 9).  After unsuccessful negotiations, Soto initiated a lawsuit in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida for injuries and damages sustained on April 4, 2007.  (*Id.*).  On April 11, 2011, judgment was entered in favor of Soto and against the at-fault driver in the amount of $105,825.00.  (*Id.*).

Soto now sues GEICO, alleging that GEICO acted in bad faith in handling Soto's claim against the insured at-fault driver. The parties agree that the sole issue to be resolved at trial is whether GEICO properly handled the bodily injury claim of Soto against the at-fault driver. (Doc. 66, ¶ 11). In the instant motion, GEICO argues that the treating physicians were deposed after July 2008, the date on which GEICO tendered the policy limits, and are, therefore, not relevant to the issues being litigated in this Court. (Doc. 83, p. 2). GEICO also contends that the deposition testimony should be excluded because the interests of GEICO were not represented during the depositions, thus resulting in prejudice to GEICO should the testimony be presented to the jury. (*Id.*, p. 3).

The Court heard argument from both parties on GEICO's Third Motion in Limine at the final pre-trial conference held on July 22, 2014. (Doc. 85). Soto responded by asserting that the deposition testimony of treating physicians is not being offered to re-litigate liability or damages, but is offered to assist the jury in understanding the medical records documenting the care received by Soto, which records had been provided to GEICO prior to July 2008. Soto argues that the jury should receive evidence of care and treatment, as opposed to liability, causation, and damages, from the treating doctors and that Soto should not be restricted to offering this evidence solely through their hired expert. The Court agrees that while Soto may not re-litigate liability or damages—those matters having been resolved by the state court proceedings—Soto may present the medical evidence through the treating physicians, with certain limitations discussed further herein.

## II. STANDARD FOR RULING IN LIMINE

A trial court's authority to rule in limine derives from its inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41–42 (1984). Nevertheless, a trial court should only exclude evidence in limine where the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing *Luce*, 469 U.S. at 41 n.4). Evidence may be inadmissible if its probative value is substantially outweighed by the likelihood of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Even when a trial court does rule in limine, a motion in limine "remains subject to reconsideration by the court throughout the trial" and the parties may renew their objections as may be appropriate. *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007).

## III. DISCUSSION

As discussed above, Soto seeks the introduction of deposition testimony from treating physicians in order to educate the jury as to the medical records and the care and treatment provided to Soto, which medical evidence was available to GEICO prior to July 2008. Although the treating physicians were not deposed until after July 2008, the underlying records were available to GEICO for consideration when deciding whether to tender the bodily injury policy limits held by their insured. The Court finds that the deposition testimony is relevant, and presenting the overview of Soto's medical treatment via the treating physicians will be helpful to the jury in understanding the medical records. While Soto's testifying expert, Susan Kaufman, will testify as to claims handling and adjusting procedures, Ms. Kaufman is not a medical doctor. Therefore, the treating

3

physicians are the best sources to convey the significance of the medical records to the fact finder.

GEICO contends that the deposition testimony should be excluded because the trial counsel representing GEICO in this action were not present at the depositions, resulting in the potential for prejudice to GEICO. (Doc. 83, p. 3). However, GEICO fails to articulate what prejudice it will suffer in the event the deposition testimony of the treating doctors is played or read to the jury. Since the deposition testimony will be limited to descriptions of the medical treatment provided to Soto, which treatment is not disputed by GEICO, GEICO has failed to identify any risk of prejudice. Additionally, in order to ensure that the jury does not overly emphasize the deposition testimony, the Court finds that a limiting instruction should be played or read by the Plaintiff prior to the introduction of the testimony.[1] Should the parties wish to submit an alternate limiting instruction, the Court will consider the submissions. Moreover, the Court has reviewed the deposition designations, and will limit the permissible testimony only to that which describes treatment.

GEICO also contends that the depositions should be excluded because "[GEICO] was not represented by counsel in the underlying lawsuit." (Doc. 83, pg. 3). While GEICO's insured, Ana Martinez, may have been represented by separate counsel,

---

1. The Court proposes the following instruction: "Members of the jury, you are about to receive testimony of Doctor _____, who has been deposed in the underlying state case. You are advised that the testimony is to be considered by you for the limited purpose of assisting you in understanding the medical treatment provided to Mr. Soto. The deposition of Dr. _____ occurred after July 2008. Accordingly, GEICO did not have access to the testimony that you are about to hear when deciding whether to offer to pay Mr. Soto the full limits of the insurance policy held by their insured."

GEICO may fairly be characterized as the successor in interest to Ms. Martinez, pursuant to Fed. R. Civ. P. 32(a)(8).  Additionally, counsel for Ms. Martinez had a similar motive, as compared to counsel for GEICO, to develop testimony by direct, cross, or redirect examination, making the testimony admissible pursuant to Federal Rule of Evidence 804(b)(1).  Finally, Ms. Kaufman, testifying as Plaintiff's expert witness, may rely upon the deposition testimony pursuant to Federal Rule of Evidence 703.

The testimony of the treating physicians is, therefore, admissible to assist the trier of fact in understanding the medical records and the care and treatment of Soto, which documentation and data was available to GEICO prior to July 2008.  In order to limit the admission of testimony unrelated to medical care and treatment, the Court has reviewed the deposition designations submitted by Soto and sets forth below a list of the testimony which will be permitted:

**Dr. Christopher Lechmaier**

5:08 through 6:25

7:03 through 8:01

8:10 through 9:19

12:07 through 12:17

15:20 through 17:04

18:01 through 21:10

21:15 through 22:01

21:18 through 28:01 (ending at the word "visit")

28:04 through 31:14

32:07 through 34:14

37:18 through 38:09

38:18 through 38:25

39:23 through 39:25

41:06 through 42:07

43:07 through 43:18

43:23 through 45:06

45:08 through 46:17

47:19 through 49:13

54:12 through 55:01

56:24 through 57:15

**<u>Dr. Ronald Landu</u>**

3:16 through 9:23

12:04 through 18:13

18:15 through 23:23

24:19 through 25:11

31:12 through 34:11

**<u>Dr. Albert Janerich</u>**

4:23 through 9:06

9:21 through 14:19

15:09 through 21:19

22:11 through 24:04

27:10 through 28:04

30:16 through 31:12

 3:13 through 36:09

 41:22 through 42:22

 47:02 through 47:07

 49:13 through 50:10

 Soto has also designated portions of the deposition of himself and his wife, Hilda Soto. However, those depositions have not been filed with the Court. Notwithstanding this fact, it is unlikely the deposition testimony of Soto or his wife would be relevant to these proceedings since issues of liability, causation, and damages arising from the April 4, 2007 accident are not before this Court.

**IV. CONCLUSION**

 For the aforementioned reasons, it is therefore **ORDERED AND ADJUDGED** that Defendant's Third Motion in Limine (Doc. 83) to exclude the deposition testimony of the treating physicians is **DENIED**, subject to the limitations on the permissible designations expressed herein, and **GRANTED** as to the depositions of Silverio Soto, Jr. and Hilda Soto.

 **DONE AND ORDERED** in Orlando, Florida on July 28, 2014.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record